IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINTON HOWARD,

                              Petitioner,

          v.                                      CASE NO. 05-3396-RDR

U.S. BUREAU OF PRISONS, et al.,

                              Respondents.

MEMORANDUM AND ORDER

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed while petitioner was incarcerated in the United States Penitentiary in Leavenworth, Kansas.[1]  Having examined the record, the court grants petitioner's motion for leave to proceed in forma pauperis and finds this matter is ready for decision.

*Background*

Petitioner was charged in March 2004 with disciplinary offenses of assault and possession of narcotic paraphernalia.  The reporting officer stated that while he was conducting a pat search of petitioner, petitioner grabbed the officer's wrist and pulled it from petitioner's shirt.  Petitioner then retrieved what appeared to be a homemade syringe which he tossed to his cellmate who immediately flushed this evidence.  At the disciplinary hearing, petitioner said it was a gambling ticket rather than a syringe that was tossed and flushed, and denied grabbing the officer.  The

_____

[1]The record reflects that petitioner is currently incarcerated in the United States Penitentiary in Terre Haute, Indiana.

disciplinary hearing officer dismissed the disciplinary charge of possession of narcotic paraphernalia.  Based upon evidence including the reporting officer's statement and supporting staff memorandums, the hearing officer found petitioner guilty on the disciplinary charge of assault.   The sanction imposed included the loss of fourteen days of earned good time, fourteen days in disciplinary segregation, and the loss of telephone and commissary privileges for 45 days.

Petitioner claims the disciplinary proceeding denied him due process, and claims the assault charge was fabricated and not supported by any evidence.  As in his disciplinary proceeding and appeal, petitioner contends the assaultive behavior never occurred because the officer did not activate a body alarm consistent with prison policy, and no video tape of the incident was found or produced.

*Discussion*

A disciplinary action that deprives a prisoner of a significant liberty interest, such as the denial of earned good time credits, must afford the prisoner the minimal due process guarantees recognized in Wolff v. McDonnell, 418 U.S. 539 (1974), namely to provide the inmate with "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996)(*internal quotation omitted*).

Additionally, due process requires the finding of a prison

2

disciplinary body to be supported by some evidence in the record. Superintendent, MCI, Walpole v. Hill, 472 U.S. 445, 454-55 (1985). In announcing this standard, the Supreme Court stated that when reviewing the findings of a prison disciplinary board, a court need not examine the complete record, assess the credibility of the witnesses, nor weigh the evidence.  Id. at 455-56.  Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Id.

The facts alleged by petitioner and disclosed in the record demonstrate that he received a copy of the incident report and formal written notice of the charges.  At the disciplinary hearing, he ultimately waived the appearance of a witness he had earlier requested, and waived the assistance of a staff representative. Although petitioner argues he was manipulated into waiving these procedural rights, the court finds nothing in the record to suggest these waivers were invalid.  The hearing officer found petitioner had committed the disciplinary offense of assault, and petitioner received a copy of the hearing officer's findings.  The court thus finds all procedural guarantees under Wolff were afforded for this disciplinary adjudication.

The court further finds the decision of the prison hearing officer that petitioner had slapped or grabbed the officer's arm is based upon sufficient evidence to satisfy the constitutional standard of "some evidence" established by the U.S. Supreme Court for disciplinary proceedings. Superintendent, Mass. Correctional Inst. at Walpole v. Hill, 472 U.S. at 454.  Although petitioner now attempts to raise additional reasons to support his claims that the

disciplinary charge of assault was fabricated and the hearing officer was biased,[2] petitioner could and should have presented such reasons during his disciplinary proceeding and administrative appeal.

Conclusion

The court finds the petitioner was afforded the requisite due process in the challenged disciplinary proceeding, and concludes petitioner is entitled to no relief under 28 U.S.C. § 2241.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis is granted.

IT IS FURTHER ORDERED that respondents' motion to strike (Doc. 17) is denied.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 is denied, and that this matter is dismissed.

DATED:  This 19th day of March 2007, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

_____

[2]In response to the answer and return filed in this matter, petitioner claims that he observed the reporting officer and the disciplinary hearing officer in a sexual act approximately two months earlier, and that he told other prisoners about it. There is nothing in the record to suggest that petitioner asserted these allegations during his disciplinary proceeding or appeal. Respondents' motion to strike these allegations from the record, Fed.R.Civ.P. 12(f), is denied. *See* Nwakpuda v. Falley's, Inc., 14 F.Supp.2d 1213, 1215 (D.Kan. 1998); Sierra Club v. Tri-State Generation & Transmission Ass'n, 173 F.R.D. 275, 285 (D.Colo. 1997).